UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA D. ENGELBRECHT,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY RIPA, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-01339-LJO-EPG<br><br>**ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(ECF No. 2) |

    Plaintiff Tonya D. Engelbrecht is proceeding *pro se* in this action alleging, among other things, defamation of character. (ECF No. 1.) On October 5, 2017, Plaintiff submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

    A civil action may proceed despite a failure to prepay the entire filing fee only if the party initiating the action is granted leave to proceed *in forma pauperis*. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The decision whether to grant leave to proceed *in forma pauperis* is in the sound discretion of the Court. *See Calif. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

    In applying to proceed *in forma pauperis*, a party must submit an affidavit that "state[s]

1

the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma paupers is not an unqualified one. It is a privilege, rather than a right"). The party "need not be absolutely destitute to obtain benefits of the *in forma pauperis* statute." *Id.* at 725. Nevertheless, the affidavit must show that the party "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and dependents with the necessities of life." *Escobedo*, 787 F.3d at 1235 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Here, Plaintiff has failed to demonstrate that she is unable to pay the court's filing fee due to poverty or indigence. Plaintiff states that she owns a home and a motor vehicle, but fails to state their value. Even so, Plaintiff states that she receives social security disability income of $1,400 per month, has $12,000 in cash or savings, and has no dependents. While a party need not be destitute to obtain benefits of the *in forma pauperis* statute, (*Jefferson*, 277 F.2d at 725), Plaintiff's affidavit demonstrates that she has access to sufficient funds to pay the filing fee and provide herself with basic necessities. Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

Plaintiff must either pay the filing fee or file an amended *in forma pauperis* application within fourteen (14) days of the date of this Order. If Plaintiff files an amended application, she must detail her assets and liabilities with particularity, definiteness and certainty to allow the Court to determine whether she is unable to pay the filing fee.

**No requests for extension will be granted without a showing of good cause. Failure to timely comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated: __October 16, 2017__         /s/ Erin P. Gro[signature]
                                    UNITED STATES MAGISTRATE JUDGE

2