# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA D. ENGELBRECHT,<br><br>        Plaintiff,<br><br>   v.<br><br>KELLY RIPA,<br><br>        Defendant. | Case No. 1:17-cv-01339-LJO-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Tonya D. Engelbrecht ("Plaintiff"), appearing *pro se* and *in forma pauperis*, commenced this action against Kelly Ripa ('Defendant") on October 5, 2017. (ECF No. 1). The Court has screened the complaint and has determined that Plaintiff fails to state any cognizable claims. The Court will grant Plaintiff leave to amend her complaint to state a claim. In the alternative, Plaintiff may notify the Court that she wishes to stand on the current complaint, in which case the Court will issue findings and recommendations to the district judge recommending dismissal of this action consistent with this order.

1

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint states as follows:

> Torture, Abuse, Defamation of Character while filming

2

> "Homemade Millionaire." Also, W&I Code Violations. . . . Restitution for abuse resulting in torture Kelly Ripa would have producers wake us up all night, then abuse me 15 hours per day. Per diem $40, Kelly Ripa would give us $10. I repeatedly requested she pull my episode, she refused.

### III. DISCUSSION

Plaintiff's allegations consist primarily of legal conclusions. Even construing the complaint liberally, Plaintiff fails to sufficiently set forth any factual matter to state a claim that is plausible on its face. The Court is also unable to identify what statute, rule, or regulation Plaintiff refers to as "W&I Code." Thus, the Complaint fails to state any cognizable claims.

The Court will give Plaintiff an opportunity to file an amended complaint. Below the Court sets forth certain legal standards that could apply in this case.

#### A. Defamation

To allege a cause of action for defamation under California law, plaintiff must set forth allegations establishing the following elements: (1) a publication of a statement by defendant that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999). A private figure plaintiff must also establish that a defendant failed to use reasonable care to determine the truth or falsity of the allegedly defamatory statements. *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 749 (1989). "[F]or recovery of either punitive damages or damages for presumed injury. . . . a private figure plaintiff must prove actual malice if the defamatory statement involves matters of public concern. *Khawar v. Globe Int'l, Inc.*, 19 Cal. 4th 254, 274 (1998), as modified (Dec. 22, 1998) (citing *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761 (1985) (plurality opinion). However, a private figure plaintiff need not prove actual malice to recover presumed or punitive damages if the defamatory publication was not on a matter of public concern. *Id.* at 274 (citing *Dun & Bradstreet, Inc.,* 472 U.S. at 774 (White, J., concurring)).

#### B. Intentional Infliction of Emotional Distress

To allege a cause of action for intentional infliction of emotional distress under California law, a plaintiff must set forth facts establishing the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the

3

probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Sanders v. City of Fresno*, 551 F.Supp.2d 1149, 1179-80 (E.D. Cal. 2008) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993)). Extreme and outrageous conduct is that which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community," *Potter*, 6 Cal.4th at 1001, and "of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Christensen v. Super. Ct*, 54 Cal.3d 868, 905 (1991).

### C. Breach of Contract

To the extent a plaintiff's wages and hours are established by a contractual relationship, the plaintiff may commence a suit for breach of contract. Under California law, the elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). To state a cause of action for breach of contract, plaintiff must plead the terms of the contract either verbatim or according to its legal effect. *Langan v. United Servs. Auto. Ass'n*, 69 F.Supp.3d 965, 979 (N.D. Cal. 2014) (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989)).

### D. Wage and Hour Violations

Both the Fair Labor Standards Act and California Labor Code establish requirements for wages and hours for certain employers and employees. Under both the FLSA and the California Labor Code, a plaintiff must be an "employee" to assert certain wage and hour. *See, e.g., Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981) (FLSA); *Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Ct. App. 2007) (California Labor Code). "The principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *Alexander v. FedEx Ground Package Sys., Inc.*, 765 F.3d 981, 988 (9th Cir. 2014) (citing *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 350 (1989). Courts, however, also consider the following secondary indicia of the nature of a service relationship: "(1) whether

the worker is engaged in a distinct occupation or business, (2) whether, considering the kind of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular business, and (8) whether the parties believe they are creating an employer-employee relationship." *Estrada*, 154 Cal. App. 4th at 10.

## IV. CONCLUSION AND ORDER

The Court finds that the Complaint fails to state any cognizable claims upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days, if she chooses to do so.

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently plead. Plaintiff should also identify with particularity any statute, rule, or regulation under which she seeks relief. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on her original complaint, in which case the Court will issue findings and recommendations to the assigned district judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if she believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01339-LJO-EPG;

3. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that she wishes to stand on her original complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

4. If Plaintiff fails to file an amended complaint or notify the Court that she wishes to stand on this complaint within **thirty (30) days** from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 30, 2018**　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE