UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONYA D. ENGELBRECHT,

    Plaintiff,

v.

KELLY RIPA,

    Defendants.

Case No. 1:17-cv-01339-LJO-EPG

**FINDINGS AND RECOMMENDATIONS THAT THIS ACTION PROCEED ONLY ON PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT AND THAT ALL OTHER CLAIMS BE DISMISSED WITH PREJUDICE**

(ECF No. 7)

**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS**

Tonya D. Engelbrecht ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. On October 5, 2017, Plaintiff commenced this action by filing a Complaint alleging claims of torture, defamation, breach of contract, and violations of the California Welfare and Institution Code against Kelly Ripa ("Defendant"), owner of Milojo Productions. (ECF No. 1).

On January 30, 2018, the Court found that the Complaint failed to state any cognizable claims, and granted Plaintiff leave to file an amended complaint. (ECF No. 6).

On February 28, 2018, Plaintiff filed a First Amended Complaint ("FAC"), which is now before the Court for screening. (ECF No. 7). For the reasons described below, the Court recommends allowing Plaintiff to proceed only on her claim for breach of contract against Defendant, and finds that Plaintiff has failed to state any other claims.

\\\

\\\

1

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of an *in forma pauperis* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\
\\\
\\\

2

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's allegations appear to be derived from occurrences during Plaintiff's time spent filming an episode of "Homemade Millionaire," a reality show produced by Defendant. Plaintiff alleges the following, (ECF No. 7):

Plaintiff was tortured by Defendant while filming "Homemade Millionaire," Plaintiff experienced "traumatic, indelible injuries, inflicted upon [Plaintiff's] person, identity and character, at the 'orders' of [Defendant] Kelly Ripa" by way of "repeated, calculated, malicious actions of torment . . . specifically intended to induce psychological duress." Defendant had producers of the show "continually wake [Plaintiff] up throughout the night, intentionally depriving [her] of sleep, night after night." Defendant would then "viciously bully and publicly humiliate [Plaintiff] fifteen hours a day on set." Plaintiff's public abuse was so severe that strangers approached her offering condolences.

Plaintiff has been defamed by Defendant. Plaintiff has repeatedly requested that Defendant cease airing the episode on "Homemade Millionaire," but Defendant refuses to do so. As a result of airing the episode, Plaintiff has been unable to find employment. Additionally, the episode presents Plaintiff in a "completely false and negative manner."

Plaintiff had a contract with Defendant that Plaintiff would be paid "$40 per diem." However, Defendant would only pay Plaintiff and the other reality show participants $10 per day. Defendant therefore breached her contract with Plaintiff.

Plaintiff was "emotionally unstable and severely unwell" while filming "Homemade Millionaire." Plaintiff also suffers from bipolar disorder. These conditions "seemed to fuel Kelly Ripa's abuse and degr[a]dation," in violation of the Welfare and Institution Code.

## III. DISCUSSION[1]

### A. Torture

Plaintiff alleges a claim of torture pursuant to a criminal statute, California Penal Code § 206, which provides:

---

[1] While it appears that the relevant event(s) took place in New York, Plaintiff specifically cites to California laws in her FAC. The Court will therefore analyze Plaintiff's FAC under the cited California law. However, even if New York law were to be applied, the Court's analysis would be the same.

3

> Every person who, with the intent to cause cruel or extreme pain and suffering for the purpose of revenge, extortion, persuasion, or for any sadistic purpose, inflicts great bodily injury as defined in Section 12022.7 upon the person of another, is guilty of torture.
>
> The crime of torture does not require any proof that the victim suffered pain.

In turn, Section 12022.7 defines "great bodily injury" as a significant or substantial physical injury. Cal. Penal Code Ann. § 12022.7(f). The crime of torture is punishable by imprisonment in the state prison for a term of life. Cal. Penal Code Ann. § 206.1.

Plaintiff fails to set forth sufficient factual allegations that Defendant inflicted any bodily injury upon her person. Instead, Plaintiff alleges that she "experienced 'traumatic, indelible injuries, inflicted upon [her] person, identity and character'" by means of "'repeated, calculated, malicious actions of torment . . . specifically intended to induce psychological duress.'" Plaintiff further alleges that the "'repeated, calculated, malicious actions of torment'" involved "having producers 'continually wake [her] up throughout the night, intentionally depriving [her] of sleep.'" These allegations of psychological duress from sleep deprivation fail to state a claim of torture under California Penal Code § 206.

In any event, Plaintiff's claim of torture—a criminal cause of action—is not a cognizable claim in this civil action. A plaintiff may bring a civil action against a defendant based on an alleged violation of criminal statute in the following three circumstances:

> First, and perhaps most commonly, violation of a criminal statute can be used to establish a breach of the standard of care or other element of an ordinary tort cause of action. Second . . . a criminal statute can expressly or impliedly give rise to a private right of action for its violation. Third, under some circumstances, a governmental or quasi-governmental agency can sue to enjoin further breaches of the statute on a public nuisance or related theory.

*Animal Legal Defense Fund v. Mendes*, 72 Cal. Rptr. 3d 553, 555-56 (Ct. App. 2008) (citations omitted). Whether a plaintiff can bring a private action against a defendant for an alleged violation of criminal law is ultimately an issue of legislative intent; "[i]f the Legislature intended there be no private right of action, that usually ends the inquiry." *Id.* at 556. Further, if it is determined that "the Legislature expressed no intent on the matter either way, directly or

impliedly, there is no private right of action, with the possible exception that compelling reasons of public policy might require judicial recognition of such a right." *Id.* (citing *Moradi-Shalal v. Fireman's Fund Ins.Cos.*, 758 P.2d 58, 69 (Cal. 1988), *Katzenberg v. Regents of Univ.of Cal.*, 58 P.3d 339, 349-50 (Cal. 2002)).

Plaintiff's claim of torture does not fall within any of the three categories. Plaintiff does not allege a tort claim for which a criminal statute can be used to establish a breach of a standard of care. Plaintiff is not a governmental or quasi-governmental agency, and is not suing to enjoin further breaches of the torture criminal statute on a public nuisance theory. And, most importantly, it is evident from the face of the criminal statute that the state legislature expressed no intent to provide for a private right of action for its violation. The language of the criminal statute does not— either expressly nor impliedly—contemplate a private right of action; in fact, it expressly anticipates punishment for its violation only by means of imprisonment. *See* Cal. Penal Code Ann. § 206.1. Furthermore, the Court finds no compelling reasons of public policy to recognize a private right of action for torture in this action because, as aforementioned, Plaintiff's allegations of psychological duress from sleep deprivation fail to state a claim of torture pursuant to the criminal statute.

To the extent Plaintiff is attempting to initiate criminal proceedings against Defendant, Plaintiff does not have a constitutional right to prosecute another person or to petition a federal court to compel criminal prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence… a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *see also Maine v. Taylor*, 477 U.S. 131, 137 (1986) (citations omitted) ("private parties… have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) ("the decision to prosecute is solely within the discretion of the prosecutor").

Accordingly, Plaintiff fails to state a claim for torture.

\\\

\\\

**B.     Defamation[2]**

Under California Civil Code § 44, defamation is defined as either libel or slander. Section 45, in turn, defines libel as:

> [A] false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

Cal. Civ. Code § 45. Additionally, § 46 defines slander, in relevant part, as:

> [A] false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which… [t]ends directly to injure [a person] in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits . . . .

*Id.* at § 46. Finally, § 47 defines privileged publication as one made:

> (a) In the proper discharge of an official duty.
>
> (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084 of Title 1 of Part 3 of the Code of Civil Procedure . . .
>
> (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment . . .
>
> (d) (1) By a fair and true report in, or a communication to, a public journal, of (A) a judicial, (B) legislative, or (C) other public official proceeding, or (D) of anything said in the course thereof, or (E) of a verified charge or complaint made by any person to a public official, upon which complaint a warrant has been issued . . .
>
> (e) By a fair and true report of (1) the proceedings of a public meeting, if the meeting was lawfully convened for a lawful purpose and open to the public, or (2) the publication of the matter complained of was for the public benefit.

---

[2] Plaintiff alleges a claim of defamation by citing 28 U.S.C. § 4101; however, that code section pertains to foreign judgments and is therefore not relevant to this matter.

*Id.* at § 47.

To state a cause of action for defamation, Plaintiff must allege that Defendant intentionally (1) published a statement of fact (2) which is false, (3) unprivileged, and (4) has a natural tendency to injure or which causes special damage. *Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010) (citing *Gilbert v. Sykes*, 53 Cal.Rptr.3d 752, 764 (Ct. App. 2007)). A private figure plaintiff must also allege that a defendant failed to use reasonable care to determine the truth or falsity of the allegedly defamatory statements. *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 749 (1989).

Plaintiff alleges that Defendant continues to air an episode of Homemade Millionaire that presents Plaintiff in a false and negative manner, and the airing of the episode has prevented her from gaining employment. These allegations fail to state a cognizable claim for defamation. Plaintiff fails to allege that Defendant made any false statement and published any such statement by means of the television episode. Plaintiff merely states that the television episode in which she appeared presents her in a "completely false and negative manner." Accordingly, Plaintiff has failed to state a claim of defamation.

### C. Breach of Contract

Under California law, the elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). To state a cause of action for breach of contract, the plaintiff must plead the terms of the contract either verbatim or according to its legal effect. *Langan v. United Servs. Auto. Ass'n*, 69 F.Supp.3d 965, 979 (N.D. Cal. 2014) (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989)).

Accepting Plaintiff's allegations as true and construing them in the light most favorable to her, Plaintiff has stated a viable breach of contract cause of action. Although Plaintiff does not plead the terms of the contract verbatim, she alleges that she and Defendant had a contract whereby Defendant would pay Plaintiff $40 per day as compensation for Plaintiff's participation in the episode of "Homemade Millionaire." Plaintiff further alleges that she filmed the episode of

Homemade Millionaire, and Defendant breached the contract by only paying Plaintiff $10 per day instead of $40 per day. Plaintiff also appears to allege that she has suffered damages in the form of receiving less money than she is owed. Accordingly, Plaintiff has alleged sufficient facts to state a cognizable breach of contract claim.

### D. Welfare and Institution Code Violation

Plaintiff alleges that Defendant violated the Welfare and Institution Code because Defendant's "abuse and degr[a]dation" were "fueled" by Plaintiff being "emotionally unstable and severely unwell". Plaintiff, however, does not cite to a specific section of the Welfare and Institutions Code. Upon examination of the California Welfare and Institutions Code, the Court cannot locate any provision granting a private right of action against a private citizen for abusing and degrading an individual suffering a mental impairment. Accordingly, Plaintiff has failed to adequately plead a cause of action under the California Welfare and Institution Code.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court recommends that Plaintiff be allowed to proceed only on her claim for breach of contract against Defendant and that all other claims be dismissed with prejudice.

The Court does not recommend granting further leave to amend because Plaintiff filed her First Amended Complaint after receiving ample legal guidance from the Court, and it appears that the deficiencies of the First Amended Complaint cannot be cured by further leave to amend.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 16, 2018**__    /s/ Elvin P. Grosjean
UNITED STATES MAGISTRATE JUDGE