**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONYA D. ENGELBRECHT,<br><br>Plaintiff,<br><br>v.<br><br>KELLY RIPA,<br><br>Defendant. | Case No. 1:17-cv-01339-LJO-EPG<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br><br>(ECF No. 7, 8) |

Tonya D. Engelbrecht ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. On October 5, 2017, Plaintiff commenced this action by filing a Complaint alleging claims of torture, defamation, breach of contract, and violation of the California Welfare and Institution Code against Kelly Ripa ("Defendant"), owner of Milojo Productions. (ECF No. 1). The matter was referred to United States Magistrate Judge Erica P. Grosjean pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 30, 2018, the Magistrate Judge found that the Complaint failed to state any cognizable claims, and granted Plaintiff leave to file an amended complaint. (ECF No. 6). On February 28, 2018, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 7). On July 16, 2018, the Magistrate Judge screened the FAC, and issued findings and recommendations that all claims in this action should be dismissed, except Plaintiff's claim for breach of contract against Defendant. (ECF No. 8). Plaintiff was served with the findings and recommendations, which contained a notice that any objections thereto must be filed within twenty-one days (21) days from

1

the date of service.

On August 8, 2018, Plaintiff filed objections to the findings and recommendations, maintaining that (1) the Magistrate Judge did not have authority to issue findings and recommendations; (2) she was tortured in violation of 18 U.S.C. § 2340(2); (3) she was abused in violation of California Welfare and Institutions Code § 15657; and (4) the court has feloniously published her personal financial information, driver's license, and social security number. (ECF No. 9). As to the first three objections, the Magistrate Judge's role in this case is authorized by statute, and the reasoning of the F&Rs regarding Plaintiff's claims is sound. As to the final objection, the Court cannot identify any place in the record where the Court published Plaintiff's driver's license or social security numbers. Plaintiff herself filed a document containing a copy of a personal check and bearing some financial account information. (ECF No. 4.) Pursuant to Local Rule 140(a), personal information of this nature must be redacted by the filing party, *see* Local Rule 140(e). However, as a courtesy to Plaintiff, this personal information has now been redacted from the copy of that record maintained in the electronic case file.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations dated July 16, 2018, (ECF No. 8), are ADOPTED; and
2. All claims in this action, except Plaintiff's claim for breach of contract against Kelly Ripa, are hereby dismissed.

IT IS SO ORDERED.

Dated: __**August 17, 2018**__  _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE