UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA D. ENGELBRECHT,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY RIPA,<br><br>    Defendant. | Case No. 1:17-cv-01339-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>(ECF No. 11)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

Tonya D. Engelbrecht ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. On October 5, 2017, Plaintiff commenced this action by filing a Complaint alleging claims of torture, defamation, breach of contract, and violations of the California Welfare and Institution Code against Kelly Ripa ("Defendant"), owner of Milojo Productions. (ECF No. 1). This action now proceeds on Plaintiff's claim of breach of contract as alleged in her First Amended Complaint ("FAC"). (ECF Nos. 8, 10).

On August 21, 2018, the Court found service of the FAC appropriate, and directed Plaintiff to complete and return service documents within thirty days. (ECF No. 11). The thirty-day deadline has expired, and Plaintiff has not completed and returned the service documents.

Plaintiff has, thus, failed to comply with a court order, and has failed to otherwise prosecute this action.

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See* Fed. R. Civ. P. 41(b); L.R. 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); *Malone v. United States Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The public's interest in expeditious resolution of litigation and the court's need to manage its docket always favor dismissal. *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, these factors weigh in favor of dismissal.

The public policy favoring disposition on the merits always weighs against dismissal. *Id.* Thus, this factor weighs against dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id*. at 643, and it is Plaintiff's failure to complete and return the service documents that is causing delay. The case is now stalled until Plaintiff completes and returns the service documents. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these

proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

After weighing the factors, including the Court's need to manage its docket, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with the Court's order dated August 21, 2018, (ECF No. 11); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C.§ 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2018**        /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE